IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIE PAUL CURRY,

      Petitioner,

v.                                   CASE NO. 4:10-cv-00071-WS -GRJ

WALTER A MCNEIL,

      Respondent.

_____/


## REPORT AND RECOMMENDATION

Petitioner, a prisoner in the custody of the Florida Department of Corrections, initiated this case by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  The case is presently before the Court on Petitioner's notice of voluntary dismissal.  Doc. 23.  Because it was unclear whether Petitioner was aware of the consequences of voluntarily dismissing the petition, the Court directed Petitioner to file a notice stating that he understands that any subsequently-filed federal habeas petition may be time-barred if the instant petition is dismissed  *See* 28 U.S.C. § 2244(d)(1); *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (application for federal habeas corpus relief does not toll the one-year limitation period under § 2244(d)(2)).  Petitioner has now filed a notice acknowledging that he is aware of the consequences of dismissing his petition.  Doc. 26.

Accordingly, pursuant to Petitioner's notice of voluntary dismissal, Doc. 23, and

Fed. R. Civ. P. 41(a)(2), it is respectfully **RECOMMENDED** that this case be

**DISMISSED** without prejudice.

     **IN CHAMBERS**  this 5th day of October 2010.


               *s/ Gary R. Jones*
               GARY R. JONES
               United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

     **Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**